UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-mc-00025-MOC

IN RE:   HONORABLE MAX O. COGBURN, JR., PRESIDING JUDGE
REFERRALS TO MAGISTRATE JUDGES IN THE WESTERN
DISTRICT OF NORTH CAROLINA.
_____

**AMENDED ORDER**
**Effective January 1, 2019**

**THIS MATTER** is before the Court on its own motion regarding the referral of motions and other duties ("reference of duties") in accordance with 28, United States Code, Section 636, to United States Magistrate Judges serving in the Western District of North Carolina ("magistrate judges"), either by commission or designation.

## I.   CRIMINAL CASES

**REGARDING CRIMINAL CASES, IT IS ORDERED THAT** pursuant to 28, United States Code, Sections 636(a) and (b), and Local Criminal Rule 59.1, magistrate judges shall be referred the following duties:

(1)   as to Class B misdemeanors ("petty offenses") and infractions, to dispose of such matters and enter a sentence, and as to Class A misdemeanors, to dispose of such matters and enter a sentence where the parties consent to proceed before a magistrate judge;

(2)   as to felony matters, to accept tendered guilty pleas subject to acceptance by the district judge. The magistrate judge may make the 18, United States Codes, Section

3143, determination of release or detention after acceptance of the plea, including whether exceptional circumstances exist under Section 3145(c). The magistrate judge may further review that determination up to the day of sentencing upon the filing of any motion for reconsideration.

Any appeal or motion to review a magistrate judge's bond determination or conditions shall be directed to the district judge. However, a magistrate judge may also review his or her own bond determination at any time either *sua sponte* or upon motion for reconsideration by either party.

On a case-by-case basis, and for the convenience of the parties, the undersigned may accept guilty pleas at other times, including regularly scheduled terms of court;

(3) to conduct hearings pursuant to 18 U.S.C. § 3142, and 28 U.S.C. § 636(a)(2);

(4) to enter a final order on any other non-dispositive criminal pretrial motions, subject only to review by the district judge for clear error (if properly appealed);

(5) to make findings of fact, conclusions of law, and to recommend disposition of any dispositive criminal motion, <u>excluding</u> motions to suppress evidence, through submission of a Memorandum and Recommendation to the district judge. All motions to suppress shall be directed to the district judge, which may be referred to a magistrate judge on a case-by-case basis for hearing and entry of a Memorandum and Recommendation;

(6) beginning two (2) weeks prior to calendar call for any trial term (or peremptory setting), all trial-related motions such as motions *in limine*, motions for

issuance of subpoenas pursuant to Rule 17(b), Federal Rules of Criminal Procedure, shall be directed to the district judge for disposition;

(7) motions to continue cases from the trial calendar shall be directed to the district judge. However, when a case is placed on a calendar that is less than 30 days from arraignment and appearance of counsel, a magistrate judge may grant an oral motion for continuance and the time shall be excluded in accordance with 18 U.S.C. § 3161(c)(2) & (h)(7)(B)(iv); and

(8) to perform all other duties as authorized in Local Criminal Rule 59.1 that are not contrary to the specific duties as set forth within this order.

## II. CIVIL AND MISCELLANEOUS CASES

**REGARDING CIVIL AND MISCELLANEOUS CASES, IT IS ORDERED THAT** pursuant to 28, United States Code, Section 636(b) and Local Civil Rule 72.1, in civil and miscellaneous cases, magistrate judges shall be specifically referred the following duties:

(1) to preside over any pretrial conference requested and issue all initial pretrial scheduling orders as a result of the conference or filing of Certificate of Initial Attorneys Conference and proposed discovery plan as authorized by Local Civil Rule 16.1(B);

(2) to dispose of civil pretrial motions pertaining to discovery arising under the Federal Rules of Civil Procedure, including but not limited to any motion for sanctions under Rule 37(b) arising out of these referred motions, to compel, for protective orders, to quash, to amend, and to strike, all subject to review by the district judge for clear error (if

properly appealed). However, motions for sanctions sought or issued under the court's inherent authority or after the litigation has ended shall be by a Memorandum and Recommendation;[1]

(3) to dispose of non-dispositive civil motions, including but not limited to motions for *pro hac vice* or special admission of counsel, transfer to another division or district, stay and stay pending arbitration, to compel arbitration, and requests for international judicial assistance under 28 U.S.C. 1782(a). Where a non-dispositive motion is pled in the alternative to a dispositive motion, the motion shall not be referred;

(4) to make findings of fact, conclusions of law, and to recommend disposition of any dispositive motion filed in a referred Social Security Appeal. Consent motions to remand, for fees and costs under EAJA, and for fees under Section 406(b) shall not be referred;

(5) otherwise, all dispositive motions, except those set out in the preceding paragraphs, shall not be referred to a magistrate judge. A magistrate judge is authorized to remove the referral of any motion the magistrate judge determines is or has become dispositive by notifying a Deputy Clerk and the undersigned's Judicial Assistant. The Court reserves the right to refer any dispositive motion to the magistrate judge for entry of a Memorandum and Recommendation on a case-by-case basis;

(6) to hear bankruptcy appeals and make recommendations, if referred by

---

[1] Reddick v. White, 456 F. App'x 191, 193 (4th Cir. 2011) (unpublished).

the district judge on a case-by-case basis;

(7) to enter orders involving post-judgment execution proceedings; and

(8) to perform all other duties as authorized in Local Civil Rule 72.1 which are not contrary to the specific duties as set forth within this order.

**REGARDING CIVIL AND MISCELLANEOUS CASES, IT IS ORDERED THAT** pursuant to 28, United States Code, Section 636(c) and Local Civil Rule 73.1, where the parties consent to the exercise of jurisdiction by a magistrate judge, no such case shall be reassigned to a magistrate judge without the written approval of the district judge.

**IT IS FURTHER ORDERED** that in all cases, the undersigned retains the option, in consultation with the referral magistrate judge, to refer or un-refer any motion or matter to a magistrate judge for purposes of conducting a hearing and/or for entry or an appropriate order or Memorandum and Recommendation on a case-by-case basis. The referral of a specific motion or matter not contemplated by this Order or in a manner not consistent with this Order will be communicated to the Clerk of Court and the parties by a separate Order of Reference or through an NEF, therein authorizing the magistrate judge to take appropriate action. Motions referred or cases assigned prior to the effective date of this Order may proceed under the Court's previous Order of Reference.

Signed: December 4, 2018

Max O. Cogburn Jr
United States District Judge